UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| In re: | ) | |
|---|---|---|
| | ) | Case No. 08-B-26192 |
| BUILDING SERVICE CONTRACTORS ASSOCIATION INTERNATIONAL, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Chief Judge Carol Doyle |
| | ) | |

## FINAL APPLICATION OF BARNES & THORNBURG LLP, COUNSEL TO THE DEBTOR, FOR THE ALLOWANCE AND PAYMENT OF FEES AND REIMBURSEMENT OF EXPENSES

Barnes & Thornburg LLP (the "Applicant"), as counsel to Building Service Contractors Association International ("Debtor"), hereby files its final application (the "Application") for the allowance and payment of fees and reimbursement of expenses pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule 5082-1.  By this Application, the Applicant seeks approval and allowance of compensation in the amount of $88,725.00 and reimbursement of expenses in the amount of $6,911.56 for a total of $95,636.56 for the time period beginning September 30, 2008 and ending March 9, 2009 (the "Period").  In support of this Application, the Applicant respectfully states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. The statutory predicates for the relief sought herein are section 330 of the Bankruptcy Code, Bankruptcy Rule 2016(a) and Local Bankruptcy Rule 2016.

## BACKGROUND

3. On September 30, 2008, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. No committee was appointed in this and case and this case was considered a small business case under section 101(51c) of the Bankruptcy Code.

5. The Applicant has not previously requested payment of fees and/or reimbursement of expenses.

## RELIEF REQUESTED

6. By this Application, the Applicant is requesting that it be compensated for the services rendered in accordance with the Retention Order, section 330 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Bankruptcy Rule 5082-1.

7. For the Period, the Applicant incurred fees of $88,725, representing 215.80 hours of time expended, and expenses in the aggregate amount of $6,911.56. The categories of services provided, time and amount are summarized as follows:

| Project Category | Exhibit | Hours | $ - Amount |
|---|---|---|---|
| Case Administration | 1 | 24.20 | 10,265.00 |
| First Day Pleadings | 2 | 3.20 | 1,332.00 |
| Executory Contracts and Leases | 3 | 35.70 | 14,007.50 |
| Retention of Professionals | 4 | 1.20 | 528.00 |
| Objections to Claims | 5 | 30.40 | 12,077.00 |
| Response to Carol Dean's Motions | 6 | 24.60 | 9,435.50 |
| Plan and Disclosure Statement | 7 | 96.50 | 41,080.00 |
| **TOTAL** | | **215.80** | **$88,725.00** |

2

Attached hereto as <u>Exhibits 1-7</u> are detailed statements of actual time and services rendered by the Applicant on behalf of the Debtor in this bankruptcy case for the Period. Each substantive category referenced in paragraph 7 is described on a separate exhibit. All time entries are recorded in compliance with Local Bankruptcy Rule 5082-1. An itemization of all expenses for which reimbursement is sought is attached as <u>Exhibit 8</u>.

8. The following professionals provided services on this case. Each provided the services at a discounted billing rate:

| Professional | Rate - $ | Hours | Total Services - $ |
|---|---|---|---|
| Deborah L. Thorne | 440.00 | 158.80 | 69,872.00 |
| Kevin C. Driscoll, Jr. | 345.00 | 35.90 | 12,385.50 |
| Jennifer Kimball | 245.00 | 7.30 | 1,788.50 |
| Paula C. Goedert | 430.00 | 5.70 | 2,451.00 |
| Lisa D. Updike | 230.00 | 4.30 | 989.00 |
| Larry Blust | 525.00 | .30 | 157.50 |
| Paula K. Jacobi | 405.00 | .30 | 121.50 |
| William Carson | 300.00 | 3.20 | 960.00 |
| TOTAL | | 215.80 | 88,725.00 |

9. The Applicant provided substantial benefits to the Debtor's estate as a result of the Applicant's engagement as counsel to the Debtor throughout the pendency of the Chapter 11 case. During the Period, Applicant was extremely active and attempted to provide a benefit to the estate, among other things:

(i) rejecting the lease with Carr Properties and saving the Debtor in excess of $1,347,897.00 over the remaining term of the Carr Lease;

(ii) rejecting other leases and executory contracts with vendors which created additional savings for equipment which was no longer needed;

(iii) assisting the Debtor in negotiating and assuming the Co-Location Agreement which will lead to savings for future trade shows for the Debtor;

3

(iv) assuming the SmithBucklin contract and negotiating payment of the approximately $700,000 cure cost over a five year period;

(v) objecting to the claims of the IRS and Carr Property and reducing the IRS liability from $150,167.00 to no liability and reducing the Carr Property claim to $263,392.79 (general unsecured claim) and $20,771.26 (priority claim);

(vi) objecting and defending the numerous objections posed by Carol A. Dean, the former executive director of the Debtor including a Motion to Dismiss the Case filed on January 8, 2009 which was withdrawn on February 24, 2009 and an Objection to Confirmation of the Plan filed on February 27, 2009 and withdrawn on March 9, 2009, the morning of the Confirmation Hearing. As a result of Ms. Dean's late withdrawal of her objection, counsel for the Debtor prepared for a contested confirmation hearing;

(vii) ensuring during the several days prior to the confirmation that sufficient votes were case to confirm the plan through numerous discussions with Bally's in-house and outside counsel;

(viii) confirming the plan proposed by the Debtor providing a distribution to unsecured creditors of approximately 23%.

10. The hourly rates reflected in Exhibit A constitute the Applicant's discounted hourly rates which are approximately $15 per hour less that the standard rate charged to clients for similar matters. The fees requested have been reduced, where appropriate, in the judgment of Applicant, in order to eliminate requests for compensation that may have been duplicative or otherwise not compensable. No agreement or understanding exists between the Applicant and any other person or entity for the sharing of any compensation received for services rendered in or in connection with this case.

11. Prior to the filing of this case, Applicant received a retainer in the amount of $50,000.00 which was applied in part to services provided prior to the filing date. Substantial services were provided prepetition as the schedules and other first-day type motions were ready to be filed on or shortly after the Petition Date. Prior to the Petition Date, Applicant applied $22,577.75 of the Retainer to the prepetition invoice for services. Currently, Applicant holds a retainer in the amount of $27,422.25.

12. Pursuant to the Retention Order, section 330 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Bankruptcy Rule 5082-1, the Applicant submits that it is entitled to payment of fees and expenses as set forth herein.

WHEREFORE, the Applicant respectfully requests that this Court enter an order (a) approving fees in the amount of $88,725.00 for services rendered and $6,911.56 for expenses incurred during the Final Period, and (b) awarding such other relief as is just and proper.

Dated: June 10, 2009

**Barnes & Thornburg LLP**

By:   /s/Deborah L. Thorne
        One of its Attorneys

CHDS01 DTHORNE 540171v1